IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY ) a Pennsylvania corporation, ACE AMERICAN, ) INSURANCE COMPANY, a Pennsylvania ) Corporation, )                               Plaintiffs, ) ) vs. ) ) WHITING CORPORATION, a Delaware ) Corporation, and DARRIN HALL, individually ) and on behalf of all others similarly situated, ) )                               Defendants. ) | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Westchester Fire Insurance Company ("Westchester") and ACE American Insurance Company ("ACE"), by and through their counsel of record, and for their Complaint against Defendants Whiting Corporation ("Whiting") and Darrin Hall, individually and on behalf of all others similarly situated ("Hall"), states as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Plaintiffs and Whiting. In this action, Plaintiffs seek a declaration that they have no duty to defend or indemnify Whiting in connection with the underlying putative class action suit captioned, *Hall v. Whiting Corp.*, Case No. 21 L 000912, filed in the Circuit Court of Will County, Illinois.

**PARTIES, JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, Westchester, is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania.

1

4. Plaintiff ACE, is organized under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania.

5. Defendant, Whiting is a corporation organized under the laws of the State of Delaware, with its principal place of business in Will County, Illinois.

6. Defendant, Hall, is a citizen of the State of Illinois. Hall is joined in this suit as a nominal party defendant.

7. The Hall Lawsuit for which Whiting seeks a defense and indemnity is a putative class action. The subject Policies have Limits of Liability of $1 million for Personal and Advertising Injury and $2 million in the General Aggregate.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiffs Westchester and ACE, and Defendants Whiting and Hall, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Whiting, substantially exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action, occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

A. The Policies

10. Westchester Fire Insurance Company issued the following Commercial General Liability Policies to GK Enterprises, Inc.:

> G27565864 002, effective 3/1/2016 to 3/1/2017;
> G27565864 003, effective 3/1/2017 to 3/1/2018;
> G27565864 004, effective 3/1/2018 to 4/1/2019.

ACE American Insurance Company issued the following Commercial General Liability Policies to GK, Enterprises, Inc:

      G27565864 005, effective 4/1/2019 to 3/1/2020;
      G27565864 006, effective 4/1/2020 to 4/1/2021;
      G27565864 007, effective 4/2/2021 to 4/1/2022.

(the Westchester and ACE Policies are collectively referred to herein as the "Policies").[1] True and correct copies of the Policies are attached hereto as **Exhibits A-F**, respectively. Whiting Corporation is a named insured on all of Policies pursuant to Endorsement.

### B. The Hall Lawsuit

11.    On November 24, 2021, Hall, individually and on behalf of all others similarly situated, filed a putative class action against Whiting the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (the "Hall Lawsuit"). A true and correct copy of the Complaint filed in the Hall Lawsuit is attached hereto as **Exhibit G.**

12.    The Complaint alleges that when employees first begin their jobs at Whiting's locations, they are required to scan their fingerprint in its biometric time tracking system as a means of authentication, instead of using only key fobs or other identification cards. According to

---

[1] The 2018 Policy does not contain any duty to defend. It provides, in relevant part:

> **III. SUPPLEMENTARY PAYMENTS – COVERAGES A AND B is deleted and replaced with the following:**
> **ALLOCATED LOSS ADJUSTMENT EXPENSES – COVERAGES A AND B**
> You are responsible for "Allocated Loss Adjustment Expense" according to your election indicated below. If no election is indicated, b. will apply.
>
> X a. You are responsible for the payment of the "Self Insured Retention. Under this option, any amount paid in "Allocated Loss Adjustment Expense" will be included toward the satisfaction of the "Self Insured Retention". We have the right but not the duty to defend any "suit". If we do not assume defense or control of the claim or "suit", we will reimburse to you all reasonable and necessary "Allocated Loss Adjustment Expense" you incur with our prior written approval, in excess of the "Self Insured Retention".
>
>                                     \*\*\*

the Complaint, each time Plaintiff began and ended a workday, Whiting required a scan of Plaintiff's fingerprints.

13. Whiting allegedly disregarded its employees' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA").

14. Specifically, Whiting has allegedly violated (and continues to violate) the BIPA because it did not: Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA; Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff and the Class's fingerprints, as required by the BIPA; Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by the BIPA; and Whiting failed to obtain the consent of its employees before sharing their biometric information or identifiers with third parties.

15. The proposed class is described as, "All persons who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant while in Illinois".

16. The Complaint contains a single count alleging various violations of BIPA, including Sections 14/15(a), (b) and (d).

17. The Complaint seeks: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant's to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages for each of Defendant's violations of the BIPA pursuant to 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

18. Whiting provided notice to Westchester and ACE of the Hall Lawsuit on March 11, 2022.

19. Upon information and belief, Whiting settled the Hall Lawsuit prior to March 11, 2022.

20. Whiting has requested coverage from Westchester and ACE for the Hall Lawsuit. Westchester and ACE contend that they have no obligation to defend or indemnify Whiting against the Hall Lawsuit. Accordingly, an actual controversy exists between Westchester and ACE, on the one hand, and Whiting, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

**(Access or Disclosure of Confidential or Personal Information Exclusion)**

21. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 20 as and for Paragraph 21, as though the same were fully set forth herein.

22. The Policies contain an Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability with Limited Bodily Injury Exception Endorsement, which states:

The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
> ***

23. The Hall Lawsuit alleges that Whiting collected and disclosed its employees' biometric information or identifiers without obtaining their consent.

24. Biometric information and identifiers are personal, non-public information.

25. As a result, any alleged "personal and advertising injury" arises out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

26. The Access Or Disclosure Of Confidential Or Personal Information Exclusion, therefore, precludes coverage for the Hall Lawsuit under the Policies.

27. The Policies consequently do not actually or potentially provide coverage for the Hall Lawsuit.

28. Accordingly, Westchester and ACE have no duty to defend or indemnify Whiting against the Hall Lawsuit.

WHEREFORE, Westchester and ACE respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Whiting connection with the Hall Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

**(Employment Practices Liability Exclusion)**

29. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 20 as and for Paragraph 29, as though the same were fully set forth herein.

30. The Policies contain an Employment Practices Liability Exclusion, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> **(1)** A person arising out of any:
> **(a)** Refusal to employ that person;
> **(b)** Termination of that person's employment; or
> **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> \*\*\*
>
> This exclusion applies:
> **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
>
> **(2)** Whether the insured may be liable as an employer or in any other capacity; and
>
> **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

31. The Hall Lawsuit is brought by employees of Whiting who allege that Whiting required them to use a biometric timekeeping system.

32. The Plaintiff and class member employees specifically allege that Whiting disregarded its employees' statutorily protected privacy rights by disclosing their biometric data in violation of BIPA.

33. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and

7

coverage is precluded under the Policies by reason of the Employment Practices Liability Exclusion.

34. The Policies, therefore, do not actually or potentially provide coverage for the Hall Lawsuit.

35. Westchester and ACE consequently have no duty to defend and indemnify Whiting for the Hall Lawsuit.

WHEREFORE, Westchester and ACE respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Whiting connection with the Hall Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III– DECLARATORY JUDGMENT

### (Recording and Distribution Exclusion)

36. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 20 as and for Paragraph 36, as though the same were fully set forth herein.

37. The Policies contain the following Exclusion:

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)** Any federal, state or local statute,

8

> ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

38. The Hall Complaint alleges that Whiting violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

39. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

40. The Recording And Distribution Of Material Or Information In Violation Of Law Exclusion, therefore, precludes coverage for the Hall Lawsuit under the Policies.

41. The Policies consequently do not actually or potentially provide coverage for the Hall Lawsuit.

42. As a result, Westchester and ACE have no duty to defend or indemnify Whiting against the Hall Lawsuit.

WHEREFORE, Westchester and ACE respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Whiting connection with the Hall Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV– DECLARATORY JUDGMENT

### (No Indemnity Obligation – Insuring Agreement)

43. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 20 as and for Paragraph 43, as though the same were fully set forth herein.

44. Upon information and belief, Whiting settled the Hall Lawsuit.

45. Plaintiffs contend that the exclusions set forth in Counts I-III preclude both its duty to defend and indemnify Whiting for the settlement in the Hall Lawsuit.

46. Alternatively, the Insuring Agreement in the Policies provide:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.
\*\*\*
**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

47. "Personal and advertising injury" is defined, in relevant part, as injury, including consequential "bodily injury", arising out of one or more of the following offenses: e. Oral or written publication, in any manner, of material that violates a person's right of privacy.

48. The Policies, therefore, only provide coverage for the oral or written publication of a class member's biometric information.

49. Westchester and ACE consequently have no obligation to indemnify Whiting in connection with the settlement of the Hall Lawsuit for any class member whose biometric information was not published, and therefore, did not suffer any "personal and advertising injury".

50. Additionally, the Policies only provide coverage for "personal and advertising injury" caused by an offense during the policy period.

51. Accordingly, Westchester and ACE have no obligation to indemnify Whiting in connection with the settlement of the Hall Lawsuit for any class member whose biometric information was not published during a policy period.

WHEREFORE, Westchester and ACE respectfully request that this Honorable Court declare that they have no duty to indemnify Whiting connection with the Hall Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V– DECLARATORY JUDGMENT
### (No Indemnity Obligation – Uninsurable Damages)

52. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 20 as and for Paragraph 52, as though the same were fully set forth herein.

53. Plaintiffs contend that the exclusions set forth in Counts I-III preclude both its duty to defend and indemnify Whiting for the settlement in the Hall Lawsuit.

54. Alternatively, the Hall Complaint seeks liquidated damages pursuant to 740 ILCS 14/20.

55. Section 14/20 of BIPA allows for the recovery of liquidated damages of $1,000 for a negligent violation of BIPA and liquidated damages of $5,000 for an intentional or reckless violation of BIPA.

56. The additional $4,000 awarded for intentional or reckless violations are punitive in nature, and therefore, uninsurable under the law.

57. As a result, Westchester and ACE have no obligation to indemnify Whiting in connection with the settlement of the Hall Lawsuit for any liquidated damages that are uninsurable under the law.

WHEREFORE, Westchester and ACE respectfully request that this Honorable Court declare that they have no duty to indemnify Whiting connection with the Hall Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VI– DECLARATORY JUDGMENT

### (No Indemnity Obligation – Prior Publication Exclusion)

58. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 20 as and for Paragraph 58, as though the same were fully set forth herein.

59. Plaintiffs contend that the exclusions set forth in Counts I-III preclude both its duty to defend and indemnify Whiting for the settlement in the Hall Lawsuit.

60. Alternatively, the Policies contain the following exclusion:

> This insurance does not apply to:
>
> **c. Material Published Prior To Policy Period**
> "Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

61. Accordingly, any publication of a class member's biometric information that first took place before the beginning of a respective policy period is not covered by that policy period pursuant to Exclusion c.

62. Westchester and ACE, therefore, have no obligation to indemnify Whiting in connection with the settlement of the Hall Lawsuit to the extent Exclusion c precludes coverage.

WHEREFORE, Westchester and ACE respectfully request that this Honorable Court declare that they have no duty to indemnify Whiting connection with the Hall Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VII– DECLARATORY JUDGMENT

### (No Indemnity Obligation – No Voluntary Payment Condition)

63. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 20 as and for Paragraph 63, as though the same were fully set forth herein.

64. Plaintiffs contend that the exclusions set forth in Counts I-III preclude both its duty to defend and indemnify Whiting for the settlement in the Hall Lawsuit.

65. Alternatively, the Conditions section of the Policies states, in pertinent part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
\*\*\*
**1. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
\*\*\*

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

66. On March 11, 2022, Whiting first provided notice to Westchester and ACE of the Hall Lawsuit.

67. Upon information and belief, Whiting settled the Hall Lawsuit prior to providing notice to Westchester and ACE of the Hall Lawsuit.

68. Whiting did not advise Westchester or ACE of the Hall Lawsuit settlement, or obtain consent from Westchester or ACE to settle the Hall Lawsuit.

69. Whiting, therefore, breached Condition 1.d. in the Policies.

70. Westchester and ACE were prejudiced by Whiting settling the Hall Lawsuit as they were not afforded the opportunity to investigate or participate in settlement negotiations in connection with the Hall Lawsuit.

71. Accordingly, Westchester and ACE have no obligation to indemnify Whiting for the Hall Lawsuit settlement as a result of Whiting's breach of Condition 1.d., in the Policies.

72. Westchester and ACE also have no obligation to pay for any defense costs incurred by Whiting prior to Whiting providing notice to them of the Hall Lawsuit on March 11, 2022, pursuant to Condition 1.d.

WHEREFORE, Westchester and ACE respectfully request that this Honorable Court declare that they have no duty to indemnify Whiting connection with the Hall Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Westchester Fire Insurance Company and ACE American Insurance Company

By: /s/ Kelly M. Ognibene
    One of their Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com