IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY ) a Pennsylvania corporation, ACE AMERICAN, ) INSURANCE COMPANY, a Pennsylvania ) Corporation, )                               Plaintiffs, ) ) vs. ) ) WHITING CORPORATION, a Delaware ) Corporation, and DARRIN HALL, individually ) and on behalf of all others similarly situated, ) )                               Defendants. ) | Civil Action No.: 1:22-cv-3399 |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST WHITING CORPORATION PURSUANT TO F.R.C.P. 55(b)**

Plaintiffs, by and through counsel of record, moves this Honorable Court, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for a default judgment against Defendant Whiting Corporation ("Whiting"), and state as follows:

**ORDER OF DEFAULT**

1. On June 29, 2022, Plaintiffs filed the instant declaratory judgment action. (Doc. 1). This is an insurance coverage dispute between Plaintiffs, on the one hand, and Whiting. In this action, Plaintiffs seek a declaration that they have no duty to defend or indemnify Whiting under the Policies in connection with an underlying putative class action suit alleging that Whiting violated the Illinois Biometric Information Privacy Act.

2. On July 11, 2022, Whiting was served with Summons and the Declaratory Judgment Complaint. *See*, Doc. 6, Return of Service Affidavit.

3. Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Whiting was required to serve an answer or responsive pleading to the Declaratory Judgment Complaint within twenty-one (21) days after being served with the Declaratory Judgment Complaint.

4. Accordingly, Whiting was required to serve an answer or responsive pleading to the Declaratory Judgment Complaint by August 1, 2022.

5. To date, no appearance or responsive pleading has been filed on behalf of Whiting.

6. On November 30, 2022, the Court entered an order of default against Whiting and directed Plaintiffs to provide a copy of the order to Whiting. (Doc. 16).

7. On December 1, 2022, counsel for Plaintiffs emailed and sent a copy of the Court's November 30, 2022 Order to Whiting by regular U.S. Mail. (*See* Certificate of Service at Doc. 17).

**GROUNDS FOR DEFAULT JUDGMENT**

I. **FACTUAL BACKGROUND**

A. **The Policies**

Westchester Fire Insurance Company issued the following Commercial General Liability Policies to GK Enterprises, Inc.:

> G27565864 002, effective 3/1/2016 to 3/1/2017;
> G27565864 003, effective 3/1/2017 to 3/1/2018;
> G27565864 004, effective 3/1/2018 to 4/1/2019.

ACE American Insurance Company issued the following Commercial General Liability Policies to GK, Enterprises, Inc:

> G27565864 005, effective 4/1/2019 to 3/1/2020;
> G27565864 006, effective 4/1/2020 to 4/1/2021;
> G27565864 007, effective 4/2/2021 to 4/1/2022.

(the Westchester and ACE Policies are collectively referred to herein as the "Policies").[1] True and correct copies of the Policies are attached to the Complaint as **Exhibits A-F**, respectively. Whiting Corporation is a named insured on all of the Policies pursuant to Endorsement.

### B. The Hall Lawsuit

On November 24, 2021, Hall, individually and on behalf of all others similarly situated, filed a putative class action against Whiting the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (the "Hall Lawsuit"). A true and correct copy of the Complaint filed in the Hall Lawsuit is attached to the Complaint as **Exhibit G.** The Complaint alleges that when employees first begin their jobs at Whiting's locations, they are required to scan their fingerprint in its biometric time tracking system as a means of authentication, instead of using only key fobs or other identification cards. According to the Complaint, each time Plaintiff began and ended a workday, Whiting required a scan of Plaintiff's fingerprints. Whiting allegedly disregarded its employees' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA").

---

[1] The 2018 Policy does not contain any duty to defend. It provides, in relevant part:

> **III. SUPPLEMENTARY PAYMENTS – COVERAGES A AND B is deleted and replaced with the following:**
> **ALLOCATED LOSS ADJUSTMENT EXPENSES – COVERAGES A AND B**
> You are responsible for "Allocated Loss Adjustment Expense" according to your election indicated below. If no election is indicated, b. will apply.
>
> X a. You are responsible for the payment of the "Self Insured Retention. Under this option, any amount paid in "Allocated Loss Adjustment Expense" will be included toward the satisfaction of the "Self Insured Retention". We have the right but not the duty to defend any "suit". If we do not assume defense or control of the claim or "suit", we will reimburse to you all reasonable and necessary "Allocated Loss Adjustment Expense" you incur with our prior written approval, in excess of the "Self Insured Retention".
> ***

Specifically, Whiting has allegedly violated (and continues to violate) the BIPA because it did not: Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA; Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff and the Class's fingerprints, as required by the BIPA; Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by the BIPA; and Whiting failed to obtain the consent of its employees before sharing their biometric information or identifiers with third parties.

Whiting provided notice to Westchester and ACE of the Hall Lawsuit on March 11, 2022. Whiting settled the Hall Lawsuit prior to March 11, 2022.

## II.     LEGAL BASIS FOR DEFAULT JUDGMENT

By its default, Whiting has judicially admitted all of the facts alleged in the Complaint for Declaratory Judgment. *See Dundee Cement Co. v. Howard Pipe*, 722 F.2d 1319, 1323 (7th Cir. 1983)("Upon entry of default, all factual allegations contained within the complaint are deemed admitted."). As the allegations of Plaintiffs' Complaint are deemed admitted and/or because the Hall Lawsuit against Whiting is clearly not covered by the Policies, Plaintiffs have no obligation to defend or indemnify Whiting as a matter of law.

### A. The Access or Disclosure of Confidential or Personal Information Exclusion Clearly and Unambiguously Applies to Biometric Information and Precludes Westchester's and ACE's Duty to Defend and Indemnify Whiting for the Hall Lawsuit.

The Policies have an Endorsement titled, "Exclusion–Access or Disclosure of Confidential or Personal Information and Data-Related Liability–With Limited Bodily Injury Exception, which excludes coverage for "'personal and advertising injury' arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade

4

secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information." This Court has held that biometric information is personal and/or confidential information, and this exclusion unambiguously precludes an insurer's duty to defend and indemnify a BIPA class action. *See Continental Western Insurance Co. v. Cheese Merchants of America, LLC,* No. 21-cv-1571, 2022 U.S. Dist. LEXIS 174275, *41 (N.D. Ill. Sep. 27, 2022); *see also Thermoflex Waukegan, Ltd. liability Co. v. Mitsui Sumitomo Insurance USA, Inc*., No. 21 C 788, 2022 U.S. Dist. LEXIS 58349, at *118-19 (N.D. Ill. Mar. 30, 2022); *American Family Mutual v. Carnagio Enter.,* No. 20 C 3665, 2022 U.S. Dist. LEXIS 58358, *20-28 (N.D. Ill. Mar. 30, 2022). The cited cases are directly on point as the underlying suit here likewise alleges Whiting violated BIPA in connection with its collection of fingerprint scans. Accordingly, any "personal and advertising injury" arises out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information. The Access or Disclosure of Confidential or Personal Information Exclusion, therefore, precludes Plaintiffs' duty to defend and indemnify Whiting against the Hall Lawsuit.

 **B. BIPA Plainly Falls Within the Recording and Distribution Of Material Exclusion which also Precludes Plaintiffs' Duty to Defend and Indemnify Whiting Against the Hall Lawsuit.**

The Policies also contain a Recording and Distribution of Material or Information in Violation of Law Exclusion, which provides:

> This insurance does not apply to:
>
> "Personal and advertising injury" arising
>
> directly or indirectly out of any action or omission that violates or is alleged to violate:
> **(1)** The Telephone Consumer Protection Act

> (TCPA), including any amendment of or addition to such law;
>
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

This Court has also held that Section (4) of this exclusion unambiguously applies to BIPA and precludes an insurer's duty to defend and indemnify a BIPA class action. *See Cheese Merchants of America, LLC,* 2022 U.S. Dist. LEXIS 174275, *41*; see also State Auto Property & Casualty Insurance Co. v. Fruit Fusion, Inc.,* No. 3:21-CV-1132-NJR, 2022 U.S. Dist. LEXIS 177830, at *18 (S.D. Ill. Sep. 29, 2022). The only count in the Hall Complaint alleges various violations of BIPA. Accordingly, because BIPA is any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information, the Recording and Distribution Exclusion also precludes Plaintiffs' defense and indemnity obligations for the Hall Lawsuit.

**C. The Employment-Related Practices Exclusion also Clearly Applies to Employment-Related Invasion of Privacy and thus Disclosures of Biometric Information, and therefore, Bars Coverage for the Whiting Lawsuit under the Policies.**

Additionally, the Policies contain an Employment-Related Practices Exclusion Endorsement, which excludes coverage for "personal and advertising injury" to a person arising

6

out of any employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person. "Personal and advertising injury" is defined, in relevant part, to mean injury arising out of oral or written publication, in any manner, of material that violates a person's right of privacy, *i.e.*, an unauthorized disclosure of an employee's biometric information to a third party. Stated otherwise, scanning fingerprints/collecting biometric information alone is not covered by the Insuring Agreement in the Policies in the first instance. Only BIPA violations that involve a violation an employee's right of privacy due to disclosure of the employee's biometric information are at issue when discussing the applicability of this Exclusion. The Hall Complaint alleges that Whiting violates its worker's right to privacy by failing to comply with BIPA and disseminating its worker's biometrics to third parties without consent. Thus, the alleged invasion of privacy is an employment-related practice, policy, act or omission, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person, and the Employment-Related Practices Exclusion precludes Plaintiffs' duty to defend and indemnify the Hall Lawsuit. *See American Family Mutual Insurance Co. v. Caremel, Inc.*, No. 20 C 637, 2022 U.S. Dist. LEXIS 3475, *10-11 (N.D. Ill. Jan. 7, 2022)(holding this exclusion precludes coverage for BIPA class actions brought by insured's workers).

D. **Whiting's Breach of the No Voluntary Payments Condition Also Bars Plaintiffs' Duty to Indemnify the Hall Lawsuit.**

The Conditions section of the Policies states, in pertinent part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
\*\*\*
1. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**
\*\*\*

7

      **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

On March 11, 2022, Whiting first provided notice to Westchester and ACE of the Hall Lawsuit. Whiting settled the Hall Lawsuit prior to providing notice to Westchester and ACE of the Hall Lawsuit. Whiting did not advise Westchester or ACE of the Hall Lawsuit settlement, or obtain consent from Westchester or ACE to settle the Hall Lawsuit. Whiting, therefore, breached Condition 1.d. in the Policies. Westchester and ACE were prejudiced by Whiting settling the Hall Lawsuit as they were not afforded the opportunity to investigate or participate in settlement negotiations in connection with the Hall Lawsuit. Accordingly, Westchester and ACE also have no obligation to indemnify Whiting for the Hall Lawsuit settlement as a result of Whiting's breach of Condition 1.d., in the Policies. *See Pekin Insurance Co. v. Xdata Solutions, Inc.*, 2011 IL App (1st) 102769 at ¶ 29.

      WHEREFORE, Plaintiffs, Westchester Fire Insurance Company and ACE American Insurance Company, respectfully request that this Honorable Court enter an Order granting a default judgment in favor of Plaintiffs and against Defendant Whiting Corporation, finding Plaintiffs have no duty to indemnify Whiting Corporation in connection with the Hall Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

      Respectfully submitted,

      Westchester Fire Insurance Company and ACE American Insurance Company

      By: /s/ Kelly M. Ognibene
          One of their Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com